IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KATHAN JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>DANIETTE RAMIREZ, JACOB YERGER, OFFICER SAMSON, and SHAUN PISK,<br><br>Defendants. | Cause No. CV 24-142-BLG-DWM<br><br>ORDER |

On September 14, 2024, Plaintiff Kathan Johnson filed a 42 U.S.C. § 1983 Complaint. (Doc. 2.) The Complaint failed to state a claim and was not proper for federal intervention. Johnson was given the opportunity to amend if he could do so. His Amended Complaint fails to remedy the deficiencies of his original Complaint. The Complaint is dismissed.

The Court's previous ordered explained Johnson's allegations and the reasons the Complaint failed to state a claim. (Doc. 7.) The Court relies on that analysis and the following additional notes.

Johnson has amended his Complaint to state facts regarding his allegations

1

against Daviette Ramirez. (Doc. 8 at 5.) Ramirez is a private citizen and not a person acting under color of state law. (Doc. 8 at 2.) As relevant here, a claim under 42 U.S.C. § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted). A defendant acts under color of state law when he or she has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotations omitted). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Johnson has stated no facts to show that Defendant Ramirez was clothed in the authority of state law when she acted as alleged, nor that her actions could be "fairly attributable to the State." Thus, Johnson cannot state a claim against her under 42 U.S.C. § 1983.

Johnson's allegations against Officer Samson were the only claims in his original Complaint that had any details. (Doc. 2 at 7.) He has changed his allegations in the Amended Complaint but has relied only on conclusions and labels, without providing any information about Johnson's conduct. Further, his

allegations contradict the information provided in his original Complaint, undermining their credibility. Finally, he has added the phrase "there was no probable cause," as though it is sufficient, without providing any facts.). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). But he has not explained anything about why the search, if there was one, was without probable cause, when or how that determination was made, and whether there has been a judicial conclusion of some sort. Johnson fails to state a credible claim against Samson.

Johnson amended his Complaint to assert that his probation officer, Shaun Pisk, said on the stand that Johnson was charged with rape. Johnson appears to assert this statement is a lie, because he was really charged with sexual intercourse without consent. (Doc. 8 at 5.) These facts do not state a claim for a violation of Johnson's constitutional rights, if Pisk's testimony was an error of fact, without more. In addition, Johnson failed to heed the Court's direction that probation officers enjoy quasi-judicial immunity in a variety of contexts. *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985). Pisk's testimony in court would be a protected activity. Johnson fails to state a claim against Pisk.

3

Johnson also fails to state a claim against Defendant Yerger. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430–31.

Johnson's amended allegations regarding Defendant Yerger relate to his actions in the prosecution of Johnson. (Doc. 8 at 5.) Johnson alleges that Yerger filed false documents in court, presented "fabricated/tampered evidence", withheld evidence, and "proceeded to prosecute." *Id.* The allegations are not credible, because they include no information other than labels. But they are all part of Yerger's role as a prosecutor, and thus, he likely is immune from suit based on these prosecutorial acts, even if they were malicious. However, Johnson states that these events occurred on February 22, 2021, in which case they are likely barred by the statute of limitations. Because § 1983 contains no statute of limitations,

4

federal courts apply the state statute of limitations governing personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 280 (1985). Montana's statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204(1). Johnson fails to state a claim against Yerger.

Finally, Johnson has not alleged facts that show the Court should wade into matters of state prosecution. He has not stated whether his prosecution related to these charges is ongoing or resolved. However, in either case, this Court is not in a position to act. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994).

### III. CONCLUSION

The Court has screened Johnson's Amended Complaint and determined that it fails to state a claim, and that the Court must abstain. 28 U.S.C. §§ 1915 and 1915A require a court to dismiss a complaint that fails to state a claim upon which relief may be granted.

Accordingly, it is HEREBY ORDERED:

1. Johnson's Amended Complaint is DISMISSED for failure to state a claim.

2. The Clerk of Court is directed to close the case and enter judgment pursuant to Fed. R. Civ. P. 58. The docket will reflect that the dismissal will count as a strike against Johnson within the meaning of 28 U.S.C. § 1915. The docket

will also reflect that the Court certifies that appeal would not be taken in good faith.

DATED this 19th day of November, 2024.

_____
Donald W. Molloy, District Judge
United States District Court